Lina Franco Law, P.C.
Lina Franco, Esq.
Wilhelm Ceron, Esq.
42 Broadway, 12th Floor
New York, New York 10004
1800-933-5620
www.LuchaPorTusDerechos.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

MIGUEL LOPEZ *individually and on behalf of others similarly situated,*

    *Plaintiff,*

    -against-

ANGELITO AUTO REPAIR, INC. (D/B/A ANGELITO AUTO REPAIR), ANGELITO GUZMAN

    *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Miguel Lopez, individually and on behalf of others similarly situated ("Plaintiff Lopez"), by and through his attorneys, Lina Franco Law, P.C. and as against each of Defendants Angelito Auto Repair, Inc. (d/b/a/ Angelito Auto Repair) ("Defendant Corporations") and Angelito Guzman (collectively, "Defendants"), alleges upon information and belief as follows:

## NATURE OF ACTION

  1. Plaintiff Lopez was an employee of Defendants Angelito Auto Repair Inc., (d/b/a Angelito Auto Repair), and Angelito Guzman.

  2. Angelito Auto Repair is an Auto repair shop owned by Angelito Guzman, located at 15-67 East New York Avenue Brooklyn, NY.

1

3. Upon information and belief, Defendants Angelito Guzman, serve or served as owner, manager, principal or agents of Defendant Corporation and through this corporate entity operate or operated the Auto repair shop as a joint or unified enterprise.

4. Plaintiff Lopez was an employee of Defendants.

5. Plaintiff Lopez worked as a mechanic at Angelito Auto Repair, located at 15-67 East New York Avenue Brooklyn, NY.

6. Plaintiff Lopez regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7. Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Lopez appropriately for any hours worked over 40.

8. Further, Defendants failed to pay Plaintiff Lopez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Lopez to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Lopez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Lopez now brings this action on behalf of himself, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread

of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Lopez' state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Lopez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Miguel Lopez ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Queens.

15. Plaintiff Lopez was employed by Defendants from approximately May 2015 until January 20th, 2017.

16. At all relevant times to this complaint, Plaintiff Lopez was employed by Defendants as a mechanic at Angelito Auto Repair shop.

*Defendants*

17. Defendants own, operate and/or control an auto repair shop at 15-67 East New York Avenue Brooklyn, NY under the name of Angelito Auto Repair, at all times relevant to this complaint.

3

18. Upon information and belief, Defendant Angelito Auto Repair Inc. ("Defendant Corporations") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 15-67 East New York Avenue Brooklyn, NY.

19. Defendant Angelito Guzman is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20. Defendant Angelito Guzman is sued individually in his capacity as an owner, officer, and/or agent of Defendant Corporation.

21. Defendant Angelito Guzman possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Angelito Guzman determined the wages and compensation of employees, including Plaintiff Lopez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

23. Defendants operate an Auto repair shop located at 15-67 East New York Avenue Brooklyn, NY.

24. Individual Defendants Angelito Guzman possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Lopez' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lopez, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Lopez, and all similarly situated individuals, and are Plaintiff Lopez' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Lopez and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Angelito Guzman operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from their own self, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Lopez' employers within the meaning of the FLSA and NYLL.

31. Defendants had the power to hire and fire Plaintiff Lopez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Lopez's services.

32. In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used to repair cars at the auto repair shop were produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Lopez is a former employee of Defendants, who was employed as a mechanic.

*Plaintiff Miguel Lopez*

35. Plaintiff Lopez was employed by Defendants from approximately May 2015 until on or about January 20th, 2017.

36. At all relevant times, Plaintiff Lopez was employed by Defendants to work as a mechanic.

37. Plaintiff Lopez regularly handled goods in interstate commerce, such as tools and supplies necessary to perform his duties as a Mechanic.

38. Plaintiff Lopez' work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

40. From approximately May 2015 until on or about January 20th, 2017 Plaintiff Lopez worked from approximately 8:00am. until 6:00pm or 7:00pm six days a week (typically 60 hours per week).

41. Throughout his employment, defendants paid Plaintiff Lopez his wages by cash.

42. From approximately May 2015 until on or about August 2016 defendants paid Plaintiff Lopez $650 per week.

43. From approximately August 2016 until his departure in January 2017 defendants paid Plaintiff Lopez $700 per week.

44. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Lopez regarding wages as required under the FLSA and NYLL.

45. Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46. Defendants required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including required equipment to fix cars. Plaintiff Lopez also laundered his uniform at his own cost. Defendants

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

47. Plaintiff Lopez repeats and re-alleges all paragraphs above as though fully set forth herein.

48. Defendants, in violation of the FLSA, failed to pay Plaintiff Lopez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

49. Defendants' failure to pay Plaintiff Lopez overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff Lopez was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS)**

51. Plaintiff Lopez repeats and re-alleges all paragraphs above as though fully set forth herein.

52. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Lopez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

53. Defendants' failure to pay Plaintiff Lopez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

54. Plaintiff Lopez was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

55. Plaintiff Lopez repeats and re-alleges all paragraphs above as though fully set forth herein.

56. Defendants failed to pay Plaintiff Lopez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lopez' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.6 and 137-3.11.

57. Defendants' failure to pay Plaintiff Lopez an additional hour's pay for each day Plaintiff Lopez' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

58. Plaintiff Lopez was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

59. Plaintiff Lopez repeats and re-alleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Plaintiff Lopez with a written notice, in English and in Spanish (Plaintiff Lopez' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

61. Defendants are liable to Plaintiff Lopez in the amount of $5,000 together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

62. Plaintiff Lopez repeats and realleges all paragraphs above as though set forth fully herein.

63. Defendants required Plaintiff Lopez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as his uniforms, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lopez respectfully request that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lopez and the FLSA class members;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lopez' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Lopez and the FLSA class members;

(d) Awarding Plaintiff Lopez damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff Lopez liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez and the members of the FLSA Class;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Lopez' and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Lopez and the FLSA Class members;

(i) Awarding Plaintiff Lopez damages for the amount of unpaid spread of hours pay and overtime wages, damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(j) Awarding Plaintiff Lopez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(k) Awarding Plaintiff Lopez pre-judgment and post-judgment interest as applicable;

(l) Awarding Plaintiff Lopez the expenses incurred in this action, including costs and attorney's fees;

(m) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

(n) All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Lopez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 17, 2017

LINA FRANCO LAW, P.C.

_____/s/ Lina M. Franco__

By: Lina M. Franco, Esq.
42 Broadway, 12th Floor
New York, New York 10004
800-933-5620
www.LuchaPorTusDerechos.com
*Attorneys for Plaintiff Lopez*