**Roya Moghadassi-Weiss**
**Attorney At Law**

The Chrysler Building
405 Lexington Avenue, 70 Fl.
New York, New York 10174

RMoghadassi.law@gmail.com
Tel: (646) 609-1781
Fax: (212) 428-6774

July 13, 2018

**VIA ECF**
The Honorable Cheryl L. Pollak
United States Magistrate Judge
United State Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Lopez v. Angelitos Auto Repair, Inc., and Angelito Guzman*
     17-cv-1668 (ARR)(CLP)

Your Honor**,**

This office represents defendants in the above-referenced matter.

Before the Court is Plaintiff's wage and hour claims brought individually and on behalf of others similarly situated, under the Fair Labor Standards Act, as well under New York Labor Law, §C 190; 650 *et seq*., and N.Y. Comp. Codes & Regs. Tit 12, ¶142-1.6 ("Spread of Hours Wage Order") against two defendants, Angelito Auto Repair, Inc. (doing business as Angelito Auto Repair), and Angelito Guzman, individually.

Defendants hereby respectfully seek a pre-motion conference with the Court, and ask for leave to move for summary judgment pursuant to Fed. R. Civ. P. 56, and for suspending the initial conference currently scheduled for July 26, pending the outcome of said motion, or alternatively, to treat said conference as a pre-motion conference, and for the Court to approve a briefing schedule for said motion, at that conference.

Defendants respectfully submit that there is no genuine issue of material fact disputing that the Court lacks personal and subject matter jurisdiction over Plaintiff's claims, thus entitling Defendants to judgment as a matter of law. Accordingly, allowing Defendants to file said motion is in full deference to Rule 1 of the Federal Rules of Civil Procedure and will serve judicial economy, promote expeditious litigation, avoid unnecessary and ongoing expenditure of time and funds while also ensuring a fair and just resolution of the instant matter.

As a brief backdrop, after Defendants' motion to vacate default (ECF 30-35) was unopposed (ECF 36); followed by the Report and Recommendation directing the Clerk to vacate the default (ECF 37), this Court has set Defendants' time to Answer for July 16, 2018, and for an initial conference to be held on July 26.

Defendants seek leave to file said motion and for the opportunity to show, on the basis of the pleadings and submitted evidence, that there is no genuine issue of material fact disputing the Court's lack of jurisdiction.

Defendants' anticipated motion for summary judgment is based on the following arguments:

> I.  <u>The Court Lacks Personal Jurisdiction over the Named Non-existent Corporate Defendant and its Alter-Ego</u>.

Whether a named corporate defendant exists or not is indisputably a material fact in any complaint filed against such an entity.

Here, the Complaint states that: "Upon information and belief, Defendant Angelito Auto Repair Inc. ("Defendant Corporations") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 15-67 East New York Avenue Brooklyn, NY." (ECF 1, ¶18)

However, as verified by public records, there is no corporate entity named Angelito Auto Repair, Inc, in New York. *See* (ECF 32, and Exhibits A and B annexed thereto). *See also*, Defendants' Memorandum of Law in support of vacatur (ECF 31, pp. 9-10). Plaintiff's attorneys have, as part of their submitted fee application, stated to the Court that they "Searched the Corporation & Business Entity Data Base (ECF 13) but their alleged search could not have resulted in any information, affirming the existence of Angelito Auto Repair, Inc. Yet, despite this knowledge, they proceeded to assert that Plaintiff Lopez was an employee of the named but non-existent corporation and the Complaint is replete with claims and allegations against the non-existent corporation.

Moreover, it belies logic that a corporate defendant that does not exist in the first place can replicate itself as another business entity. Therefore, the non-existent Defendant, Angelito Auto Repair, Inc. could not do business as Angelito Auto Repair. Nor can a non-existent corporation be properly served with process. Therefore, in the absence of service of process, this Court lacks personal jurisdiction over Defendant Angelito Auto Repair, Inc. (doing business as Angelito Auto Repair) and any claims asserted against these entities should be dismissed as a matter of law.

II.  The Court Lacks Subject Matter Jurisdiction Because
there is no Enterprise Liability as Dictated by the FLSA.

Even assuming that Plaintiff has shown that he is a covered employee under the FLSA,[1] and even if he has shown that he has met the first prong of the enterprise liability test under the FLSA,[2] plaintiff must *also* show that his alleged employers' annual gross volume of sales made or business done is not less than $500,00.00 (exclusive of excise taxes, etc…) *Id.* (emphasis added). *Accord Koszkos v. Janton Industries, Inc*., 2016 WL 4444329, *4 (E.D.N.Y, Aug 3, 2016).

Here, the Complaint states unequivocally that in each year, from 2011 to 2017,[3] Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000…" (ECF 1, ¶32)  In addition, Plaintiff states under oath that: "In each year from 2015 until the end of [his] employment, [h]e observed the defendants has a gross volume of sales of not less than $500,000…" (ECF 12, ¶9)

Defendant Guzman, has stated under oath that gross annual income from Angelito Auto Repair is below $500,000 (ECF 33, ¶ 24).Therefore, Defendant Guzman has shown an absence of evidence in support of an essential element of Plaintiff's FLSA claims. Plaintiff failed to respond and did not oppose any statement of material fact disputing Defendants' lack of enterprise liability. Instead, Plaintiff's attorneys requested that discovery be scheduled. (ECF 36).

Defendants assert that both plaintiff and his counsel lacked sufficient bases to make such allegations and as evinced by the letter to the Court (ECF 36), they intended to rely on conducting discovery to obtain any supporting evidence.

However, neither Plaintiff nor his attorneys can first file a complaint and then rely on the conduct of discovery to obtain information supporting the essential element of his FLSA claims. It is well-settled that a party cannot allege facts to make out the substance of a claim when it has an insufficient basis to make those allegations, in the hope that discovery may fortuitously give it a good faith basis." *Sourceone Healthcare Technologies, Inc. v. Bensonhurst Imaging Associates Management, LLC*. 08 Civ. 2568, 2008 WL 2697324 (E.D.N.Y. July 2, 2008)(*quoting  Robert G.(Anonymous) v. Newburgh City School Dist*. 89 Civ. 2978, 1989 WL 97907 (S.D.N.Y. Aug. 16, 1989)(Liberal pleading requirements do not countenance the bringing of a conclusory complaint in the hope of using discovery process to uncover facts that support the complaint's speculations). Deciding to sue first and find out if there was federal jurisdictional basis for the suit later, while subjecting Defendants to substantial expenditure of funds in defending against such claims does not serve the cause of justice and violates the tenants of judicial economy.

---

[1] Disputed by Defendants.
[2] 29 U.S.C. §203(s)(1).. Defendants dispute that plaintiff  has made this showing.
[3] Referring to a period of time which exceeds and does not coincide with Plaintiff's period of alleged employment with Defendants.

Clearly, Defendants' proposed summary judgment motion is the most efficient and streamlined approach to determine whether the Court has subject matter jurisdiction over Plaintiff's claims. If as a result of the anticipated summary judgment motion, no independent basis for federal jurisdiction exists, then the Court has discretion to exercise supplemental jurisdiction over Plaintiff's remaining NYLL claims,[4] or decline to do so.[5] In the latter event, Plaintiff can proceed with any wage and hour claims he may have in state court.

Accordingly, in the interest of justice and judicial efficiency and economy, Defendants request that a pre-motion conference be held on or before July 26, 2108, and for the Court to approve a briefing schedule for said motion.

Respectfully submitted,

_____/s/_____
Roya Moghadassi-Weiss, Esq. (RM9643)


cc:  Lina Franco Law, PC, VIA ECF
     Wilhelm Ceron,  VIA ECF

---

[4] 29 U.S.C. § 1367 (a).
[5] 28 U.S.C. § 1367 (c)(3).

4