

Hon. Allyne R. Ross
United States District Judge
United States Courthouse
Eastern District of NY

July 17, 2018

1:17-cv-01668-ARR-CLP Lopez v. Angelitos Auto Repair Inc

Your Honor:

We represent Plaintiff Miguel Lopez in the above-referenced action and write pursuant to your Honor's individual rules, to address the legal and factual basis of Defendant's proposed motion for Summary Judgment.

**I. Summary Judgment in FLSA Cases, Legal Basis.**

The Court in *Slotterback v. Knoebel*, 2009 U.S. Dist. LEXIS 31432, *20-22 (M.D.Pa. Apr. 14, 2009) recited the summary judgment standard, wherein it observed, *inter alia*, that "[a]ll doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party." *Id.* at *21

Furthermore, courts addressing summary judgment motions in FLSA cases must be mindful that there are additional considerations in an FLSA case because the FLSA must be construed liberally in favorable of employees. *See Tony & Susan Alamo Found. V. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (stating that the FLSA should be construed to the fullest extent of its intended purpose); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (explaining that the purpose of the FLSA is to protect workers from substandard wages and oppressive working hours).

**II The Issue of Named Apparent Non-Existent Corporate Defendants and its Alter Ego.**
There has been no discovery conducted on any issues, including whether there are one or more Corporations behind Angelitos Auto Repair. When the complaint was filed, it was Plaintiff's understanding that the business was incorporated as Angelitos Auto Repair Inc. and doing business as "Angelitos Auto Repair".
Personal jurisdiction is the power of a court to render a valid judgment in a case involving a particular party. In contrast to subject matter jurisdiction, personal



jurisdiction involves a court's authority over an individual or corporation. See Gilford v. People, 2 P.3d 120, 126 (Colo.2000).   The exercise of personal jurisdiction over a defendant is proper "if fair and adequate notice is provided to the defendant, and if the defendant has sufficient minimum contacts with the state seeking jurisdiction."   Stone's Farm Supply, Inc. v. Deacon, 805 P.2d 1109, 1113 (Colo.1991)(citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

In the instant case, Fair and adequate notice was given to the individual Defendant. Because the Defendant asserts that the corporation named as a Defendant does not exist, in no way renders the Court unable to issue a ruling on the merits as to the other Defendants (named or unnamed).  Defendants are certainly correct in saying that, whether a corporate defendant exists or not is indisputably a material fact in any complaint filed against such an entity. The Defendants point to the public record stating that "no corporate entity named Angelito Auto Repair Inc." was found. That might very well be the case, but Plaintiff can request that there be jurisdictional discovery –Courts typically allow for jurisdictional discovery as a legitimate part of a court's procedure in determining whether it has jurisdiction over a defendant.


**II. There are Genuine Disputes in Fact Whether Defendants Are Covered by the FLSA under the "Enterprise Coverage".**

    (A) **Whether Defendants Had Annual Gross Sales of at Least $500,000.**

To satisfy one of the prongs of enterprise coverage, a defendant enterprise have annual gross sales of at least $500,000. 29 U.S.C. § 203 (s)(1)(A)(ii). Defendants argue that Plaintiffs cannot meet the burden of proof that Defendants met that gross avenue threshold during the relevant period. To the contrary, Plaintiff can submit evidence that Defendants had annual gross sales of at least $500,000 during the relevant periods.

Plaintiff worked as a mechanic in Plaintiff's mechanic shop. For the periods Plaintiff worked for Defendants, Plaintiff can submit estimate of how many cars he personally serviced and how much each customer was charged for the work done to their case. Furthermore, Plaintiffs have an array of witnesses; individuals who used to take their car to Angelito's Auto Repair and are willing to testify as to what individual Defendant Guzman charged them for various repairs.
For example, to change the transmission of a car, individual Defendant charges $400 - $700 to its customers. Plaintiff himself used to change transmission of approximately 2-3 transmissions daily. Plaintiff also changed the motor of cars, for which Defendant charged $800 for bigger cars.  In yet another example, Defendant charged



approximately $200 to change breaks. It is estimated that the business had 5-10 or so of customers who paid Defendant to change their breaks daily.
Another example of how much individual Defendant averaged per day, individual plaintiff changed about $50 per oil change and Plaintiff estimates that there were about 6-8 changes done per day.

      Plaintiff Lppez was one of four mechanics working for individual Defendants for the relevant time period (also: Jose Vasquez, Patrick Gayle, Armando Gomez). Of the mechanics who would testify as to the amount of business done by Defendant, we will provide affidavits and live testimony from all of them, except Patrick Gayle who currently works for individual Defendant.

In sum, a conservative estimation from these data and evidences, a reasonable jury can find that Defendants were generating more than $500,000

This method of estimating employers' annual gross sales for the purpose of summary judgment is accepted in various jurisdictions. *See e.g., Gaviria v. Columbus Bakery. Inc.*, 2013 U.S. Dist LEXIS 160972 (D.N.J., November 12, 2013) (finding there is a genuine issue in dispute whether a defendant had annual gross sales of at least $500,000 where

   Plaintiffs' FLSA claims should not be dismissed because there exist genuine issues of material fact as to whether Defendants are an "enterprise" engaged in interstate commerce, and whether Plaintiffs are covered by "individual coverage" of the FLSA.


                                        Respectfully,

                                        /s/

                                        Lina M. Franco, Esq.
                                        Attorney for Plaintiff